IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

**AMGUARD INSURANCE COMPANY**

    **Plaintiff,**

v.

**HAAG GLOBAL INC.**
Serve: 211 E 7th St. Ste 620
        Austin, TX 78701
And

**JASON PLASTERS**
Serve: 15975 Quarry Hill Dr.
        Parker, CO 80134

    **Defendant.**

## COMPLAINT

COMES NOW Plaintiff AmGuard Insurance Company ("AmGuard"), by and through the undersigned counsel, and for its Complaint and against Defendants HAAG Global Inc. ("Haag") and Jason Plasters ("Plasters"), states as follows:

1. This action arises out of the professional negligence and misrepresentations of Haag and its construction consultant Plasters.

### PARTIES, JURISDICTION, AND VENUE

2. AmGuard Insurance Company (AmGuard) is an insurance corporation incorporated, organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in Wilkes-Barre, Pennsylvania.

3. Therefore, AmGuard is a citizen of Pennsylvania.

4. At all times relevant herein, AmGuard was authorized by the Colorado Division of Insurance to conduct insurance business in the State of Colorado.

5. Upon information and belief, Defendant Haag is a corporation that is organized and existing under the laws of the State of Texas with its principal place of business in the State of Texas.

6. Upon information and belief Defendant Plasters is a resident of and domiciled in the State of Colorado and is therefore a citizen of the State of Colorado.

7. This case and controversy involves citizens of different states.

8. Based on the damages incurred by AmGuard, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. The Court has subject-matter jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interests and costs, and because complete diversity of citizenship exists between Plaintiff and Defendants.

10. This Court has personal jurisdiction over Defendant Haag because it is a citizen of the State of Colorado and/or have substantial, systematic, and continuous contact with the State of Colorado such that the exercise of personal jurisdiction over Defendant Haag is appropriate.

11. This Court has personal jurisdiction over Defendant Plasters because he is a citizen of and/or a resident of the State of Colorado and/or has substantial, systematic, and continuous contact with the State of Colorado such that the exercise of personal jurisdiction over Defendant Plasters is appropriate.

12. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred within this District in that the insurance contract at issue in this case was formed in this District and the property insured under the contract that is the subject of the insurance claim at issue in this case is located in this District.

## FACTUAL ALLEGATIONS

13. On or about July 5, 2019, LaGrange Condominium Association ("LaGrange") suffered a loss due to hail at fifteen of its properties in Fort Collins, Colorado.

14. At the time of loss, AmGuard insured LaGrange under policy number LABP951135 with policy period of August 23, 2018, to August 23, 2019.

15. LaGrange reported the loss to AmGuard's agent on November 15, 2019, and the agent reported the loss to AmGuard on November 19, 2019.

16. On November 25, 2019, AmGuard retained Haag to inspect the loss and provide estimating services.

17. The assignment specifically requested that Haag draft an estimate if damage was found.

18. On the date of the assignment, Haag acknowledged the assignment.

19. Further, on December 4, 2019, Haag sent AmGuard an engagement letter confirming it accepted the assignment and acknowledging that the purpose of the work is "**PROVIDE AN ESTIMATE FOR ANY DAMAGES FOUND**." (emphasis in original).

20. On January 24, 2020, after 59 days of no contact, AmGuard followed up on the status of the assignment.

21. On January 31, 2020, AmGuard finally received the report from Haag. The report is dated January 29, 2020. The report did not include an estimate.

22. On January 31, 2020, AmGuard again requested that Haag prepare an estimate. That same day Haag informed AmGuard that it assigned the task to Plasters.

23. At all relevant times, Plasters was an agent and employee of Haag and acted within the course and scope of his agency for Haag.

24. On March 4, 2020, AmGuard had not received anything from Plasters and followed up on the estimate. Plasters stated he had almost completed the estimates only after being asked for an update from Matthew Sitzmann, the principal engineer with Haag.

25. On March 25, 2020, Plasters finally provided the initial estimates to AmGuard.

26. On July 10, 2020, AmGuard requested Plaster address requests from LaGrange's contractor to add certain items to the estimate and to review the requests with the contractor.

27. On July 10, 2020, AmGuard also sent an email to LaGrange with a carbon copy to Plasters stating that Plasters would address discrepancies in the estimate.

28. On July 29, 2020, AmGuard informed LaGrange again Mr. Plasters would address any discrepancies.

29. As of July 29, 2020, Mr. Plasters had not contacted LaGrange or LaGrange's contractor.

30. On August 3, 2020, Randy Malsam, LaGrange's contractor, followed up directly with Mr. Plasters.

31. On October 9, 2020, more than two months later, LaGrange followed up again for a response.

32. On October 9, 2020, Plasters stated that he needed to confirm he was authorized to do additional work even though he had been authorized as of July 10, 2020.

33. On December 17, 2020, LaGrange again followed up for a substantive response from Plasters.

34. On January 8, 2021, LaGrange's contractor again asked for a substantive response from Plasters.

35. On that same day, LaGrange's contractor indicated that he spoke to Plasters and that Plasters had stated he completed a supplemental estimate.

36. On January 21, 2021, AmGuard followed up on the supplemental estimate.

37. On January 29, 2021, AmGuard followed up again for the supplemental estimate.

38. On February 16, 2021, AmGuard again followed up for the supplemental estimate.

39. On July 6, 2021, Lagrange brought suit against AmGuard, alleging various delays in addressing the additional damages sought by LaGrange.

40. On August 5, 2020, more than a year after the initial request to address LaGrange's concerns, Plasters still had not produced a supplement.

41. On that same day, AmGuard followed up again for a supplement and requested that Plasters schedule a call with the adjuster to address the matter.

42. Kelly McCleskey, a Construction Consulting Coordinator for Haag, sent an email to AmGuard and Plasters stating the LaGrange file had moved to the "Completed folder" and that she had moved it back to the "Work in Progress" folder.

43. On August 6, 2020, Plasters began working on the supplemental estimate for the first time.

44. On August 13, 2020, Plasters finally sent the supplemental estimate.

45. Haag's delays throughout the claim process led to additional, significant claims of damage by LaGrange.

## COUNT I- PROFESSIONAL NEGLIGENCE
### (Against both Defendants)

46. AmGuard incorporates by reference as though fully stated herein all allegations from Paragraphs 1 through 48 of this Complaint.

47. At all times relevant hereto, Defendant Haag was operating as an engineering/construction consulting firm in the state of Colorado with an emphasis on handling insurance claims.

48. At all times relevant hereto, Plasters was a construction consultant employed with Haag

49. At all times relevant hereto, Plasters acted in the course and scope of his agency and employment with Haag.

50. Plasters and Haag had a duty to act in accordance with good construction, insurance, and industry practices.

51. Plasters and Haag breached their duty to act in accordance with good construction, insurance, and industry practices by:

    a. Failing to timely conduct the inspection and estimate;

    b. Failing to keep AmGuard informed of their progress with the inspection and estimate;

    c. Failing to timely provide AmGuard with estimates after their initial inspection of the property;

    d. Failing to timely address AmGuard's requests to make corrections to their initial estimate;

    e.    Failing to timely respond to repeated requests by AmGuard and LaGrange to address discrepancies in its estimate;

    f.    Plasters falsely represented to LaGrange that he had completed a supplemental estimate;

    g.    Improperly managing its file, including but not limited to moving the file to a completed folder when it had, in fact, not been completed;

    h.    Failing to timely respond to AmGuard and LaGrange's repeated requests for a supplemental estimate;

    i.    Any Other failures by the Defendants that are revealed during the course of discovery.

52.    Independent of Plasters' breach of duty, Haag breached its duty to act in accordance with good engineering and industry practices by:

    a.    Failing to put policies in place to manage its employees and/or construction consultants in properly responding to and managing tasks and files;

    b.    Failing to enforce policies to manage its employees and/or construction consultants in properly responding to and managing tasks and files;

    c.    Failing to train its employees and/or construction consultants to properly respond to and manage files;

    d.    Failing to ensure that Plasters completed all the tasks assigned to him by Haag and AmGuard;

    e.    Failing to properly supervise Plasters; and

    f.    Any other failures by Haag that are revealed during the course of discovery.

53. Plasters and Haag's breach of their duty proximately caused AmGuard to suffer the following damages:

    a. Additional damages to LaGrange's property;

    b. Additional claims for damages by LaGrange;

    c. Additional exposure for bad faith damages; and

    d. Attorney's fees and other litigation costs resulting from LaGrange's lawsuit against AmGuard.

54. Haag is liable for the actions of its agent and employee, Plasters, under the doctrine of respondent superior, and independently from Plasters' actions for its actions.

55. As a direct and proximate result of Defendants' negligence, AmGuard has suffered damages in excess of $75,000, for additional damages and claims paid to LaGrange and for attorney's fees and other litigation costs resulting from LaGrange's lawsuit.

WHEREFORE, AmGuard prays that this Court enter judgment on Count I – Professional Negligence in its favor and against Defendants, for compensatory damages, prejudgment interest, post-judgment interest, reasonable attorney's fees, and costs of the suit; and for such other and further relief as this Court deems just and proper.

### COUNT II– NEGLIGENT MISREPRESENTATION
### (Against both Defendants)

56. AmGuard incorporates by reference as though fully stated herein all allegations from Paragraph 1 through 58 of this Complaint.

57. At all times relevant hereto, Defendant Haag was operating as in engineering/construction consulting firm in the state of Colorado

58. At all times relevant hereto, Plasters was a construction consultant with Haag.

59. At all times relevant hereto, Plasters was working on behalf of Haag and in the course and scope of his agency and employment at times relevant hereto.

60. Plasters made the following false and misleading statements:

   a. On March 4, 2020, he falsely stated that he was "near completion" with the initial estimate when in fact, he did not complete it until 21 days later;

   b. On January 8, 2021, he falsely stated that he had completed the supplemental estimate when he had not started the supplemental estimate and did not start it until over seven months later.

61. The statements and/or misrepresentations made by Defendants were material.

62. The statements and/or misrepresentations made by Defendants were made for the guidance of others in their business transactions in that they were made in direct connection with an ongoing insurance claim made by LaGrange and being processed by AmGuard

63. The statements and/or misrepresentations made by Defendants were made with the knowledge that they would be relied upon by AmGuard and LaGrange.

64. AmGuard did rely upon the statements and/or misrepresentations made by Defendants in handling, evaluating, and adjusting the Claim and issuing payment on the Claim.

65. AmGuard's reliance upon the statements and/or misrepresentations made by Defendants was justified.

66. As a direct and proximate result of AmGuard's justified reliance on the statements and/or misrepresentations made by Defendants, AmGuard has suffered damages in excess of $75,000, for additional damages and claims paid to LaGrange and for attorney's fees and other litigation costs resulting from LaGrange's lawsuit.

WHEREFORE, AmGuard prays that this Court enter judgment on Count II – Negligent Misrepresentation in its favor and against Defendants, for compensatory damages, prejudgment interest, post-judgment interest, reasonable attorney's fees, and costs of the suit; and for such other and further relief as this Court deems just and proper.

### COUNT III – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING
**(Against Both Defendants)**

67. AmGuard incorporates by reference as though fully stated herein all allegations from Paragraph 1 through 67 of this Complaint.

68. AmGuard and Defendant Haag entered into a contract and agreement in which Haag agreed to inspect the loss at the LaGrange property and to provide estimating services.

69. Defendant Haag sent an engagement letter acknowledging the agreement and detailing additional terms of the agreement to perform the services for AmGuard.

70. AmGuard has complied with the agreement in all material respects.

71. Implied in the contract was a duty of good faith and fair dealing.

72. Included in the duty of good faith and fair dealing is the obligation on both parties to not act dishonestly or to act outside of accepted commercial practices to deprive the other party of the benefit of the contract.

73. Defendant breached this duty in the following ways,

    a. Failing to timely conduct the inspection and estimate;

    b. Failing to keep AmGuard informed of their progress with the inspection and estimate;

    c. Failing to timely provide AmGuard with estimates after their initial inspection of the property;

    d. Failing to timely address AmGuard's requests to make corrections to their initial estimate;

    e. Failing to timely respond to repeated requests by AmGuard and LaGrange to address discrepancies in its estimate;

    f. Plasters falsely represented to LaGrange that he had completed a supplemental estimate;

    g. Improperly managing its file, including but not limited to moving the file to a completed folder when it had, in fact, not been completed;

    h. Failing to timely respond to AmGuard and LaGrange's repeated requests for a supplemental estimate;

    i. Plasters made the following false and misleading statements:

        i. On March 4, 2020, he falsely stated that he was "near completion" with the initial estimate when in fact, he did not complete it until 21 days later;

        ii. On January 8, 2021, he falsely stated that he had completed the supplemental estimate when he had not started the supplemental estimate and did not start it until over seven months later;

    j. Any other failures by Haag that are revealed during the course of discovery.

74. Haag is liable for the actions of its agent and employee, Plasters, under the doctrine of respondent superior, and independently from Plasters' actions for its actions.

75. Plasters and Haag's breach of their duty proximately caused AmGuard to suffer the following damages:

    e. Additional damages to LaGrange 's property;

    f. Additional claims for damages by LaGrange;

   g. Additional exposure for bad faith damages; and

   h. Attorney's fees and other litigation costs resulting from LaGrange 's lawsuit against AmGuard.

76. As a result of Defendants' breach of its implied duty good faith and fair dealing, AmGuard has suffered damages in excess of $75,000, for additional damages and claims paid to LaGrange and for attorney's fees and other litigation costs resulting from LaGrange's lawsuit.

WHEREFORE, AmGuard prays that this Court enter judgment on Count III – Breach Of Duty Of Good Faith And Fair Dealing in its favor and against Defendants, for compensatory damages, prejudgment interest, post-judgment interest, reasonable attorney's fees, and costs of the suit; and for such other and further relief as this Court deems just and proper

Respectfully submitted,

**KNIGHT NICASTRO MACKAY**

*/s/ Jonathan B. Morrow*
Jonathan B. Morrow, #MO58661
319 N 4th Street, Suite 300
St. Louis, MO 63102
(314) 690-4757 (Phone)
(816) 396-6233 (Fax)
jmorrow@knightnicastro.com
***Attorneys for Plaintiff AmGuard Insurance Company***